W. A. COHOON v. JEFFERSON DAVIS ET AL.

(Filed 20 February, 1918.)

1. **Evidence—Admissions—Pleadings—Demurrer—Trials.**

    In an action to recover damages alleged to have been caused by the negligence of the defendant's driver of his team, and there is sufficient evidence of the negligence, a demurrer on the ground that there was no evidence that the driver was employed by the defendant at the time will not be sustained where the plaintiff has alleged it and it is admitted in the answer and the trial has proceeded upon that theory throughout without defendant's objection.

2. **Instructions—Evidence—Contributory Negligence—Rule of Prudent Man.**

    Where the evidence in an action to recover damages for the alleged negligence of the defendant is sufficient to establish contributory negligence on the plaintiff's part, if so found by the jury, it is reversible error for the trial judge to add to an instruction containing the facts showing such negligence, that they should find for the plaintiff if they found that he acted as a reasonably prudent man under the circumstances. *Hinson v. Telegraph Co.,* 132 N. C., 466, cited and applied.

APPEAL by defendant from *Kerr, J.,* at the Special October Term, 1917, of TYRRELL.

This is an action to recover damages for personal injury caused, as the plaintiff alleges, by the negligence of the defendants. The defendants deny negligence, and allege that the plaintiff was injured by his own contributory negligence.

The plaintiff, who was driving a cart at the time, was injured on the night of 18 September, 1916, on one of the streets of Columbia, by a

COHOON v. DAVIS.

collision with a dray belonging to the defendants and driven by one of their employees.

The plaintiff offered evidence tending to prove that the street where the collision occurred was thirty feet wide; that the night was dark; that he was driving a gentle horse in a walk; that he was on the extreme right of the street; that the employee of the defendants, who was going in an opposite direction, approached him driving at a high rate of speed; that the employee was in the middle of the street; that the plaintiff gave notice of his own presence, but that without any notice from the employee and when making no effort to stop, he drove against the cart of the plaintiff, threw him out and seriously injured him.

Defendants introduced evidence tending to prove that their employee was driving at a speed of from four to six miles an hour; that he was on the extreme right of the street as far from the plaintiff as he could go; that the plaintiff was in the shade of a large cypress overhanging the street; that there was a light behind the employee of the defendants and in front of the plaintiff; that the employee of the defendants could not see the plaintiff on account of his position under the tree and the location of the light; that the plaintiff was about the middle of the street; that the plaintiff saw and heard the employee of the defendants approaching and knew that there was danger of a collision and made no outcry and gave no notice of his presence.

There was a motion by the defendants for judgment of nonsuit, which was overruled, and the defendants excepted.

His Honor instructed the jury on the second issue, incorporating the facts relied on by the defendants to show contributory negligence, and then added to the instruction: "And you find that a reasonably prudent man would not have done as the plaintiff did on that occasion, you would answer that issue 'Yes,' but if you find from the evidence that the plaintiff was driving as a reasonably prudent man would have on that occasion; that he did what a reasonably prudent man would have done to prevent the injury, then you should answer that issue 'No,' because he would not be guilty of contributory negligence." The defendant excepted. The jury returned the following verdict:

1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: "Yes."

2. Did plaintiff, by his own negligence, contribute to his injury? Answer: "No."

3. What damage is plaintiff entitled to recover? Answer: "$1,000."

Judgment was entered upon the verdict in favor of the plaintiff and the defendants appealed.

*T. H. Woodley and Aydlett & Simpson for plaintiff.*
*Majette & Whitley and Meekins & McMullan for defendant.*

ALLEN, J. The position of the defendants in support of their motion for judgment of nonsuit is that there is no evidence that Combs, who was driving the dray, was engaged in the business of the defendants at the time of the collision. It is true no witness testifies directly to the fact, but the circumstances tend to prove it, and the pleadings and the whole course of the trial show that this fact was not in controversy.

The complaint alleges "that on the 18th day of September, 1916, and prior thereto, John Combs was in the employ of the defendants, his duties being, among other things, to drive the dray or wagon for the defendants in delivering goods and other works connected with the said business of said defendants," and this allegation is admitted in the answer.

The plaintiff testified that at the time of the collision Combs was driving a dray belonging to the defendants and that he was going from the store of the defendants to their stock house, and his Honor in his charge to the jury spoke of Combs more than once as the agent of the defendants, and of his acts as their acts, without objection at the time, and no exception is now taken to this part of the charge.

We do not think this contention of the defendants can be sustained, and being of opinion there is evidence of negligence, the ruling on the motion for judgment of nonsuit is upheld.

The exception of the defendants to the charge on the issue of contributory negligence is well taken.

If the night was dark and the plaintiff in the shade of a tree; if the lights were so located that the plaintiff could see the approach of the employee of the defendants and that he was moving at a high rate of speed; if the plaintiff was in the middle of the street and in danger of a collision, and he did not attempt to turn to the right and made no outcry, and gave no notice of his presence, he was guilty of contributory negligence, and as there was evidence tending to prove these facts, the defendants were entitled to have them submitted to the jury without the qualification of the rule of the prudent man, which, under the evidence in this case, permitted the jury to answer the second issue against the defendants although they might find every fact bearing on the conduct of the plaintiff as the defendants contended, if, upon the whole evidence, the jury thought the plaintiff was acting as a man of ordinary prudence.

The rule of the prudent man is the standard for determining negligence and contributory negligence, and it is frequently sufficient to submit the question to the jury with this as the sole guide, but it is error to superadd this qualification to a statement of facts which themselves, singly or in combination, establish negligence or contributory negligence.

A precedent in point is *Hinson v. Telegraph Co.,* 132 N. C., 466, in which a new trial was ordered on account of a similar erroneous charge. New trial.